951 F.2d 1267
 23 U.S.P.Q.2d 1661
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Hans OETIKER.
 Nos. 91-1181, 91-1221.
 United States Court of Appeals, Federal Circuit.
 Dec. 27, 1991.
Rehearing Denied March 10, 1992.
 
 Before ARCHER, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 Hans Oetiker appeals the decisions of the Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences (board) in two cases, Nos. 88-3256 and 88-3440, holding all the claims (1-29) of application serial number 06/922,408 and claims 1-15 and 17-20 of application serial number 06/922,473 unpatentable as indefinite under 35 U.S.C. § 112, second paragraph. Claim 16 of the latter application was held unpatentable under 35 U.S.C. § 102(b), and claim 6 was also provisionally rejected on the basis of obviousness-type double patenting.[1] We affirm.
 
 DISCUSSION
 
 2
 Oetiker's inventions in the two applications relate to a clamp structure generally and to a clamp structure with mechanical interconnecting means including hooking means. Because the board's rationale supporting the 35 U.S.C. § 112 rejections for indefiniteness and the specific claim language at issue in both cases is substantially identical, we discuss the cases together.
 
 
 3
 The statutory requirement of claim definiteness provides that a patent applicant particularly point out and distinctly claim the subject matter of his invention. 35 U.S.C. § 112, second paragraph. A decision as to claim indefiniteness requires a determination whether those skilled in the art would understand what is claimed. Amgen Inc. v. Chugai Pharmaceutical Co. Ltd., 927 F.2d 1200, 1217, 18 USPQ2d 1016, 1030 (Fed.Cir.1991).
 
 
 4
 The board recognized that some imprecision in a claim does not necessarily render the claim indefinite under 35 U.S.C. § 112. In this case, however, the board found the claims indefinite because a person skilled in the art could not determine the metes and bounds of the claimed invention. It determined that a number of terms of degree in the claims were without proper definitional guidelines in the specification and that there were multiple inclusions of claim elements or the lack of proper antecedent basis.
 
 
 5
 The board relied on Seattle Box Co., Inc. v. Industrial Crating & Packing, Inc., 731 F.2d 818, 826, 221 USPQ 568, 574 (Fed.Cir.1984), which explained that when a word of degree is used in a claim, the specification must provide some standard for measuring that degree.
 
 
 6
 The board looked to the specification for the necessary guidance. It found nothing that would reasonably apprise one skilled in the art as to the claimed invention's scope, because the specification essentially uses the same words of degree as are used in the claims. While the specification discusses Oetiker's prior art clamp structures, it does not indicate how the words of degree relate to or differ from such prior art, nor is any other definitional guidance given in the specification. The board therefore correctly determined that the claims, when read in light of the specification, as well as the prior art, did not adequately define the scope of patent protection sought by Oetiker and were indefinite within the meaning of section 112, second paragraph.
 
 
 7
 Oetiker argues that the terms and phrases found objectionable by the board are acceptable in claim drafting. These "broadening modifiers" are "standard tools in claim drafting," Oetiker contends, and used "to avoid reliance on the doctrine of equivalents in infringement actions." This may well be true as a general proposition, but because the scope of the claims is unclear the rejection was proper. See In re Wiggins, 488 F.2d 538, 541, 179 USPQ 421, 423 (CCPA 1973).
 
 
 8
 As to the multiple recitation of claim limitations and the instances of lack of antecedent basis, even if we accept Oetiker's arguments we cannot say the board erred in concluding that these portions of the claims were indefinite.
 
 
 9
 Finally, we have considered Oetiker's arguments regarding the 35 U.S.C. § 102(b) rejection of claim 16 but are unpersuaded. The board had the same arguments presented to it and correctly determined that claim 16 is anticipated by U.S. Patent No. 4,299,012. Oetiker argues that features of his claimed invention are not shown by the reference. The board correctly found, however, that the claim language was broad and not limited to definitions urged by Oetiker. We, therefore, affirm this rejection on the basis of the board's decision.
 
 
 
 [1]
 We do not reach this issue because the rejection of claim 6 is affirmed on other grounds